## Gardner v. Gardner

*George S. Black*, for plaintiff.

*Robert P. Shoemaker*, for defendant.

DEPUY, P. J., July 16, 1964.—On March 5, 1964, plaintiff-husband filed his suit in divorce, alleging indignities. In due course the court appointed Edwin D. Strite, Jr., Esq., as master in the cause.

On April 28, 1964, the attorney for defendant-wife filed a petition for allowance of alimony pendente lite, counsel fees and expenses. The court issued a rule upon plaintiff, and ordered all proceedings stayed pending disposition of the rule.

On April 28, 1964, a power of attorney was filed whereby defendant appointed Robert P. Shoemaker, Esq., her attorney in the cause.

Also on April 28, 1964, defendant's praecipe for bill of particulars was filed. The record doesn't show whether the praecipe was filed previous to or subsequent to entry of the court order on the rule for counsel fees, staying all proceedings.

On May 1, 1964, plaintiff filed a petition for rule to strike off the rule for bill of particulars. He averred that, no answer to the complaint having been filed, and the cause being at issue, plaintiff's attorney on April 16, 1964, caused the court to make appointment of a

master, the master's hearing was set for May 12, 1964, notices of hearing were issued. Plaintiff contends that the time for seeking a bill of particulars had expired by April 28, 1964, when the praecipe was filed.

On May 1, 1964, plaintiff also filed his answer to the petition for allowance of alimony pendente lite. He denied the averments of the petition.

On June 22, 1964, plaintiff filed a motion to make absolute the rule to strike off the bill of particulars on the basis that the 10 days after May 1, 1964, for answering the rule had expired.

In point of fact defendant did timely file, in the prothonotary's office, an answer to the petition for rule to strike off rule for bill of particulars. Her counsel left a copy of the answer in the prothonotary's cabinet for plaintiff's counsel to pick up, where attorneys customarily receive copies of pleadings filed.

Plaintiff's counsel argues that filing of the answer by defendant without service is a nullity and that there is no legal duty upon an opposing attorney to go to the prothonotary's office and pick up copies and that he declines to do so. Pennsylvania Rule of Civil Procedure 1027, concerning service of copies, supports plaintiff's position in that the only situation under subparagraph 3 where leaving a copy with the prothonotary is effective is when the pleadings have disclosed no residence, place of business nor attorney of record for the opposing party. It seems clear that the practice whereby copies are left at the prothonotary's display cabinet in the hope that opposing counsel will pick them up is a matter of comity of attorneys and of grace rather than a matter of right or legal duty.

Plaintiff argues in addition that although the Pennsylvania Rules of Civil Procedure are silent on the subject, as are the Franklin County rules, common sense and an orderly system of practice dictate that after a divorce action is at issue, following expiration of the

20 days from the filing and service of the complaint, and in default of answer (a fortiori after the master has been appointed, hearing has been fixed and notice given thereof), it is too late for a defendant to file a rule for bill of particulars, in the absence of special leave obtained from the court, for cause shown.

Plaintiff argues, thirdly, that under the rule for counsel fees which defendant obtained, all proceedings were stayed and hence there would be no duty on plaintiff's part to answer the rule for bill of particulars. Plaintiff further argues that, in light of the court's order staying proceedings, there would be no justification for defendant filing the praecipe in the first place. So far as the record discloses, filing of praecipe for rule for bill of particulars may have itself violated the stay order. The record does not disclose positively, as it would have to do in light of the issues here raised, that the praecipe was filed previous to the stay order.

As a general principle, we are, in case of ambiguity, bound to interpret the situation most strongly against the pleader, the one who caused the problem to arise. We interpret that the stay order was first filed and has the effect of annulling for the moment the effect of the praecipe for bill of particulars. Hence plaintiff is under no duty of answering the same, pending disposition of the alimony rule.

On the general question of timely filing of a rule for bill of particulars, plaintiff relies on a decision and opinion of this court in Leab v. Leab, 4 Adams 101, decided November 22, 1961. There we granted wife-plaintiff's motion to strike off a rule for bill of particulars. The facts there show that defendant had filed an answer to the complaint in divorce on the same date that his application for bill of particulars was filed.

We said in that opinion: The mere fact that a defendant files an answer without asking for a bill of particulars is an indication that he is fully apprised

of the nature and character of the charges against him and is in a position to meet them.

In 2 Freedman, "Law of Marriage and Divorce", §573, (2nd ed.), it is observed that the rules of civil procedure fix no time limitation upon the right to demand a bill of particulars and that even after filing of answer the right to demand a bill persists. Freedman says that the former Philadelphia County Rules of Court provided that even after an action was at issue a bill of particulars could be called for upon leave granted by the court. Freedman expresses the view that a rule may be taken at any time up to hearing, unless limited by a local rule of court.

Defendant relies on Wanner v. Wanner, 45 D. & C. 456, where belated application for a bill of particulars was permitted. On the other hand, plaintiff argues that that holding was based on the law as it existed previous to the Pennsylvania Rules of Civil Procedure.

In our Leab opinion we viewed the bill of particulars in general as either an aid to pleading or an aid to proof, or both. Though divorce is a special kind of litigation wherein the State is an unmentioned third party, we suggested that the courts should nevertheless give some attention to symmetry, to systematic administration of our legal framework.

The Leab case is easily distinguishable on its facts from the present problem because in Leab: (a) The husband already had counsel, and (b) he had already filed an answer to the suit when the bill of particulars was applied for.

Regardless of all this, we have come to the conclusion that it is in the interest of orderly procedure and cannot bring any harm to the opposing party if, after a suit for divorce is at issue, whether by filing of an answer or by failing to file any within the required time, a bill of particulars is not obtainable without leave of court for cause shown. In any event, defendant, with

or without her attorney, has the right to attend the hearing and, depending upon the evidence produced there, may apply for continuances as frequently as necessary in order to obtain witnesses and organize her defense. If any master should prove reluctant to accord full opportunity to a defendant to have time to prepare a defense, application can always be made to the court for protection in the situation.

In this day and age, there seems little reason, after a defendant in divorce or other litigation has been served with a legal document of obvious importance, containing a notice to plead within 20 days, why he should not consult an attorney and decide what is to be done. The court need not assume ignorance or negligence on the part of a divorce defendant more than in the other types of litigation. At the same time we do not diminish in any degree the policy that preservation of the marriage relation, where it is a sound one, is a primary concern and duty of this or any government or court.

Defense counsel may well argue that, in the absence of a belated bill of particulars, a more onerous task will be imposed upon a defendant or her counsel if either is thus required to attend the master's hearing or hearings to find out what plaintiff intends to prove. But if defendant has a bona fide interest in resisting the suit and knowing what it is about, attendance at the hearing is not too great a burden to impose. The court should not favor the situation where there is at times a tendency for defense counsel to obtain a fee and not do any comparable work.

The question now before us was posed in Cumberland County in Kooken v. Kooken, 1 Cumberland 88 (1950). President Judge Shughart held that in the absence of a local rule of court, Pa. R. C. P. 1128(a) should be interpreted to mean that a rule may be entered as of course for a bill of particulars at any time before the

suit is at issue and afterwards may be obtained only on petition and rule, for cause shown. Goodrich-Amram is cited, comment on Pa. R. C. P. 1128(a), as well as Mowrey v. Mowrey, 25 D. & C. 419, and Rupp v. Rupp, 1 Cumberland 92.

Now, July 16, 1964, defendant's rule upon plaintiff to file a bill of particulars is hereby discharged, without prejudice to defendant's right to move the court anew for bill of particulars if proper cause is shown. Exception granted to defendant.